*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EMMANUEL MOSLEY,

        Plaintiff-Appellant,

v

PORSHIA FELICIA SENTERS,

        Defendant,

and

NATIONAL GENERAL INSURANCE
COMPANY, also known as INTEGON NATIONAL
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
October 28, 2021

No. 354004
Wayne Circuit Court
LC No. 17-012869-NF

Before: STEPHENS, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals from a judgment of the circuit court in his favor regarding unpaid no-fault benefits, arguing that the trial should have awarded him fees and costs and should have awarded defendant Integon case evaluation sanctions. We affirm in part, reverse in part, and remand.

It is undisputed that plaintiff was injured in an automobile accident and that Integon was responsible for the payment of certain medical and replacement services benefits. What was in dispute was the amount for which Integon was responsible. The matter was submitted to case evaluation, which resulted in an award of $50,000. Both sides rejected that award. Following a bench trial, plaintiff was awarded $27,806.24. Because this amount was less than the case evaluation award, the trial court awarded sanctions to Integon.

Plaintiff raises two arguments on appeal. First, that he was entitled to an award of fees and costs because of defendant's failure to timely pay the benefits. Second, that the trial court, in addition to adding those fees and costs to the judgment in determining whether the verdict was

-1-

greater than the case evaluation award, should have also included over $65,000 that Integon paid the day before trial began to the State of Michigan in satisfaction of a Medicaid lien for medical bills initially paid by Medicaid following the accident.

We first turn to plaintiff's argument that he was entitled to attorney fees under MCL 500.3148(1). That statute provides as follows:

> (1) Subject to subsections (4) and (5), an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. An attorney advising or representing an injured person concerning a claim for payment of personal protection insurance benefits from an insurer shall not claim, file, or serve a lien for payment of a fee or fees until both of the following apply:
>
> > (a) A payment for the claim is authorized under this chapter.
> >
> > (b) A payment for the claim is overdue under this chapter.

The relevant questions become whether the payments were overdue and whether defendant unreasonably refused or delayed payment of those benefits. MCL 500.3142(2) provides that "personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." What constitutes reasonableness is a question of law that is reviewed de novo, but whether the facts of the case establish reasonableness is reviewed for clear error. *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008).

The trial court concluded that they were not:

> However, an insurer is not deemed unreasonable when it initially refuses to pay benefits but was later found responsible for payment of the benefits. "[A]n insurer's initial refusal to pay benefits under Michigan's no-fault insurance statutes can be deemed reasonable even though it is later determined that the insurer was required to pay those benefits." *Moore v Secura Ins,* 482 Mich 507, 525; 759 NW2d 833 (2008). "[B]efore a court may award attorney fees, benefits must be overdue, and an insurer must have unreasonably refused to pay the claim or delayed in payment, *id.* at 526.
>
> Here, the question is whether National General's initial refusal to pay for attendant care and replacement services was unreasonable. In its opinion, this Court did not find that the benefits were overdue and that the refusal to pay them was unreasonable. The Court's verdict did not conclude that the benefits were unreasonably withheld from Plaintiff or that they were overdue. Therefore, this Court will not award attorney fees to Plaintiff.

In in its opinion at the end of trial, the trial court concluded that plaintiff was entitled to interest only from the time of the case evaluation because plaintiff had not before that time actually made a demand for the payment of the attendant care and replacement care benefits. The trial court did later in its ruling state that it was assessing interest from the time of the case evaluation because "from that date it was known by the defense that in fact there were outstanding Attendant Care and Replacement Services. Those bills were outstanding and they have not paid for a large time." As plaintiff points out, the trial court's conclusions at trial seem to be at odds with its statement in its opinion on the request for attorney fees that the benefits were not overdue.

But, there does remain the question whether the delay in payment was reasonable or unreasonable. Only overdue benefits that the insurer unreasonably refused or delayed in paying trigger the payment of attorney fees. See *Moore,* 482 Mich at 523. As defendant acknowledges, when "an insurer refuses to make or delays in making payment, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Attard v Citizens Ins Co of America*, 237 Mich App 311, 317; 602 NW2d 633 (1999). Defendant argues that plaintiff's demand at case evaluation for over $124,000 in attendant care payments, covering a nine-month period, was at odds with medical testimony that plaintiff only required three-and-one-half months of attendant care and this justified additional investigation. That is, defendant describes plaintiff's demand as "an exorbitant attendant care claim" that did not have adequate medical support.

The amount plaintiff claimed for attendant care services and the amount ultimately awarded by the trial court was significantly different. That difference certainly supports defendant's description of plaintiff's claim as being "exorbitant." Returning to *Moore*, the Court stated that "the claimant shoulders the initial burden to supply reasonable proof of her entire claim, *or reasonable proof for some portion thereof*." 482 Mich at 523 (emphasis added). The Court then went on to conclude that a claimant would be entitled to attorney fees for the portion of the claim that was overdue.[1] *Id.*

Thus, under *Moore*, it would seem that plaintiff is entitled to an attorney fee award for any attendant care and replacement services benefits that the trial court awarded at trial and for which defendant could have determined, at the time of the case evaluation, were, in fact, due and owing and not paid within 30 days. In short, the trial court's conclusions that plaintiff was entitled to interest from the date of case evaluation on the amounts awarded at trial because defendant was at that time aware of the outstanding claim is at odds with its later conclusion that the payment was not overdue and the delay in payment was not unreasonable. Accordingly, we reverse the trial court's denial of attorney fees and remand the matter to the trial court for reconsideration of the issue consistent with this opinion.

We now turn to plaintiff's argument that the trial court erred in awarding case evaluation sanctions to defendant. On its surface, plaintiff's argument has a great deal of appeal. Plaintiff

---

[1] In *Moore,* the jury found that only one week of the plaintiff's unpaid work loss benefits were overdue. The Court, however, concluded that the plaintiff was not entitled to attorney fees because none of the attorney fees awarded was attributable to collecting that specific work loss benefit. 482 Mich 524.

argues that, by paying the lien after case evaluation, but before trial, Integon was able to reduce the amount of damages that would be awarded and, therefore, help ensure that it would be awarded case evaluation sanctions against plaintiff. But we leave that argument for a different day because we find plaintiff's argument problematic for at least two reasons in the case before us.

First, it is not at clear to us whether plaintiff had included a claim for the amount of the Medicaid lien in the complaint; plaintiff plead the claim in very general terms. More to the point, it does seem clear that the Medicaid lien amount was never submitted to the case evaluation panel. In plaintiff's case evaluation summary, it stated:

Plaintiff, Emmanuel Mosley will be requesting the following awards:

Mileage and Prescription Expenses . . . . . . . . . . . . . . . . . . . . . . $5,000.00

Replacement Services . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,180.00

Attendant Care . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $124,320.00

Wage Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,826.08

Attorney Fees & lnterest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $30,000.00

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $167,326.08

It is worth noting that these figures are exactly the same as appears the parties' joint final pretrial order, with the exception that, under plaintiff's claims, that document also now includes a line for "potential Medicaid lien." It is clear that the Medicaid lien was never included in the case evaluation award and, therefore, there would be no basis for including it in the verdict in determining case evaluation sanctions.

Second, the language of the court rule itself does not support an argument that the verdict may be adjusted for amounts paid before trial. MCR 2.403(O)(1) provides as follows:

(1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

MCR 2.403(O)(3) does provide for an adjustment to the verdict:

(3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation, and, if applicable, by making the adjustment of future damages as provided by MCL 600.6306. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent

-4-

below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

This subrule does not, however, provide for an adjustment for the pretrial payment of a portion of the claim. As we said at the outset of the analysis of this issue, there is an appeal to the argument that a defendant should not be able to engage in a maneuver to receive case evaluations sanctions by paying a portion of the claim after the case evaluation award is made and before trial begins. But, for the reasons stated above, the facts would not support the application of such a rule in this case. Moreover, it would be for our Supreme Court to create such a rule, not for this Court to read such a rule into MCR 2.403(O).

Plaintiff also argues that the verdict should be adjusted for the amount of an attorney fee award under MCL 500.3148. Because the trial court did not award attorney fees, this issue was not before the trial court. And, even if an adjustment would be in order, the final amount is not yet determined. Accordingly, on remand, the trial court, after determining the amount of attorney fees to which plaintiff is entitled, shall then address whether the verdict should be adjusted for purposes of case evaluation sanctions by adding the amount of the attorney fee award.[2]

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Cynthia Diane Stephens
/s/ David H. Sawyer
/s/ Deborah A. Servitto

---

[2] The trial court need not address this question if the amount of the attorney fee award would not be sufficient, if added to the verdict, to change the determination that defendant is entitled to case evaluation sanctions.